UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREG PICARD (#241894)                                    CIVIL ACTION

VERSUS

RONNIE THERIOT                                           NO. 08-0587-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this **20th** day of February, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREG PICARD (#241894)                                       CIVIL ACTION

VERSUS

RONNIE THERIOT                                              NO. 08-0587-JJB-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner, Greg Picard, challenges his conviction, entered in 2003 on a charge of fourth offense DWI. He challenges the resulting 14-year sentence, complaining that he was provided with ineffective assistance of counsel at trial.

Upon a review of the petitioner's application, it appears that he was tried by jury, found guilty and convicted, in July, 2003, of fourth offense DWI, a violation of La. R.S. 14:98 E.  He was thereafter sentenced to pay a fine of $5,000.00 and to serve fourteen (14) years in confinement, with all but the first sixty days suspended and subject to five (5) years of supervised probation.

The petitioner appealed this conviction to the Louisiana Court of Appeals for the First Circuit, asserting that the trial court erred in denying his motion to quash two predicate Oklahoma convictions.  On September 17, 2004, the First Circuit affirmed the conviction. See State v. Picard, 897 So.2d 49 (La. App. 1st Cir. 2004).  The petitioner apparently did not seek further review in the Louisiana Supreme Court.  Accordingly, his conviction became final on or about October 17, 2004, after the delays for doing so had elapsed.

More than seven months later, on or about June 9, 2005, the petitioner filed an application for post-conviction relief in the state district court, asserting that he had been provided with ineffective assistance of counsel at trial when his counsel failed to obtain transcripts of the prior

Oklahoma DWI convictions, failed to object to an inaudible video tape of the petitioner's arrest, and failed to object to alleged improper comments made by the prosecution during closing argument. This application was denied in the state district court on or about December 29, 2005, and it does not appear that the petitioner sought further review of this denial in either the intermediate appellate court or the Louisiana Supreme Court.

Approximately nine months after denial of his initial application for post-conviction relief, the petitioner filed a second application for post-conviction relief in September, 2006, again asserting that he had been provided with ineffective assistance of counsel. This application was denied on May 10, 2007, and the petitioner's subsequent applications for supervisory review were denied in both the intermediate appellate court and in the Louisiana Supreme Court, with the Louisiana Supreme Court denying review on June 6, 2008. See State v. Picard, 983 So.2d 915 (La. 2008).

Approximately 2½ months thereafter, on August 26, 2008, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the application is untimely.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

In the instant case, after his conviction became final on October 17, 2004, the petitioner waited approximately seven (7) months before filing his first application for post-conviction relief in state court. Upon resolution of this initial post-conviction relief application on December 29, 2005 (with his failure to seek review in the state appellate courts), the petitioner allowed an additional nine (9) months to elapse prior to his filing of a second post-conviction relief application in state court in September, 2006. Accordingly, pretermitting consideration of any other time periods, it is clear that more than one year elapsed during which the petitioner did not have pending any post-conviction claims. Accordingly, his habeas corpus application in this Court is time-barred pursuant to § 2244(d) and must be dismissed.

Moreover, although this Court also has the power to equitably toll the statute of limitations in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), this Court finds no compelling reason to recommend tolling in this case. Accordingly, the Court finds that the petitioner is not entitled to equitable tolling of the limitations period.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed as untimely.

Baton Rouge, Louisiana, this 20th day of February, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE